UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WANDERSON ORLANDO DA COSTA,

Petitioner,

v. Case No.: 2:26-cv-02389-SPC-KRH

U.S. DEPARTMENT OF HOMELAND SECURITY,

Respondent.
_______________________________/

**OPINION AND ORDER**

Before the Court are petitioner Wanderson Orlando Da Costa's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).

Da Costa is a native of Brazil who entered the United States with a nonimmigrant B2 visa on November 30, 2017, with authorization to stay until May 29, 2018. He resides in Cape Coral, Florida, with his wife and two daughters, one of whom is a U.S. citizen. On June 15, 2026, local police arrested Da Costa for fleeing and resisting and turned him over to Immigration and Customs Enforcement (ICE). On August 5, 2026, an immigration judge ordered Da Costa removed to Brazil. Da Costa waived appeal, so the removal order is administratively final.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney*

*Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Here, the 6-month period commenced when the removal order became administratively final on August 5, 2026. Thus, Da Costa's detention is presumptively reasonable.

Accordingly, it is hereby

**ORDERED:**

Wanderson Orlando Da Costa's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on September 1, 2026.

Sheri Polster Chappell

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record